THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| NEIL CHADWICK, <br><br> vs. <br><br> UNIVERSAL HEALTH SERVICES, INC. <br> AND LAUREL RIDGE TREATMENT CENTER | Case No.: 5:16-CV-01135-XR |

PLANTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

 As the unrepresented Plaintiff in the above-styled suit, I must respectfully request an extension to prepare and file a First Amended Complaint as well as the Rule 26(f) scheduling order and report.

1. The Defense filed a Rule 12(b) motion on December 23rd and due to the holidays, I was unable to first read it until just before the new year. Then on January 2nd, I was informed that some of the documents from my November 17, 2016, FOIA request from the San Antonio Police Department were ready for pick up. The rest of the documents, including the detective's notes on the case, have been referred to the Attorney General for review. While these records did not contain what I was hoping for, they did have the unexpected benefit of containing over 170 pages of my own medical records from Laurel Ridge. Previously, they had only

released 15 pages, despite multiple requests. My 11/9/2016 request for my entire record to be sent to myself has gone completely unanswered.

2.   I find it troubling that the only the labs (5 pages) are contained in both sets of records, leading me to believe that I still do not have all of the records that are available. I have two open complaints with HHS Office of Civil Rights and now have recently opened a complaint with the Attorney General regarding this HIPPA violation. Mr. Wallis should inform his client that withholding these records is no longer a useful strategy and is costing them $100 or more per day in fines.

3.   Inside these records is a first-person account of the assault written by the mental health technician. He/she wrote "When I entered the room I seen the other patient arms around the patient's neck choking him out. I tried to get the patient off of him then I went to get the RN [sic]." This is new to me because I don't have any memory of what happened after I went unconscious. It also gives me a new theory of liability. I'm at a significant legal disability and having all of my records would help level the playing field somewhat. I would also like to have the name, title, and contact information of the employees working at the time.

4.   There seems to be two courses of action I could take. The first would be to respond in opposition to the motion. The second, and from what I gather the most advisable, would to be to file the First Amended Petition.  The deadline to file would be (if I'm computing time according to Rule 6 correctly) January 16th. I would like to have another 30 days to review these new records and rewrite the complaint.

5.   I would also like to ask that the deadline for Rule 26(f) scheduling order and report be correspondingly tolled from February 6, 2017, to March 6, 2017 (or

longer). Discovery cannot start until the Defense files a responsive pleading, however, I anticipate that the Defense will file another Rule 12(b) motion which will require a response and possibly a hearing. Completing the report also requires meetings with opposing counsel, however, they have yet to contact me.

6. Also, I was unaware of the pleading standards that Iqbal and Twombly set out. Knowledge of these things is not something a layperson should be expected to know as they have not been incorporated into the Rules nor the instructions in the pro se form. This only seems to come into play when Rule(b)(6) motions are made.

7. Finally, I have a procedural concern. I filed this lawsuit under Laurel Ridge's assumed name (Laurel Ridge Treatment Center) because I read that one could sue under either the legal OR assumed name. The clerk has registered both names for this party and now it seems the court is using the legal name in the style. I would prefer to keep using the assumed name because this is the name that is that is commonly used for the facility, however, I will conform to whichever name the court prefers.

Respectfully submitted,

/S/ Neil Chadwick
202 Rosemont Drive
San Antonio, TX 78228
Phone: (210) 485-3895
Email: technophant@gmail.com

Note: This document has been filed using CM/ECF and does not require a Certificate of Service.